**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERTSON BANKING CO.,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO 2:07-0128-KD-C** |
| **PROGRESSIVE CASUALTY** | ) | |
| **INSURANCE COMPANY, and** | | |
| **MARENGO INSURANCE AGENCY, INC.,** | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on plaintiff Robertson Banking Company's motion to remand and supporting brief (docs. 9, 10), and defendant Progressive Casualty Insurance Company's brief in opposition (doc. 16). Oral argument was held on July 6, 2007 and present were Archibald T. Reeves, IV, attorney for Progressive and Woodford W. Dinning, Jr., attorney for Robertson Banking. Upon consideration of the pleadings and the oral argument, and for the reasons set forth herein, the motion to remand (doc. 9) is **GRANTED** and this case is remanded to the Circuit Court of Marengo County, Alabama.

## I.    Background

On January 16, 2007, plaintiff Robertson Banking (a citizen of Alabama) filed its complaint against defendants Progressive (a citizen of Ohio) and its agent, Marengo Insurance Agency, Inc., (a citizen of Alabama), in the Circuit Court of Marengo County, Alabama alleging that defendants refused to pay under a policy of insurance identified as a Financial Institution Bond purchased by Robertson Banking from defendants to provide coverage for damages resulting from an act of fraud, forgery, theft by deception and/or conversion of funds. Robertson

1

Banking alleges that it made six loans to a borrower over the course of three years (2001 through 2003) and that the borrower defaulted.  Robertson Banking alleges that upon investigation, it discovered that the borrower's loan documents were executed in a fraudulent manner and that the underlying contracts for the purchase of timber, the collateral for the loans, were forged. Robertson Banking alleges that it sustained damages in excess of One Million ($1,000,000.00) Dollars, gave prompt notice to Progressive and Marengo of the forgeries, and made demand for coverage from them pursuant to an insurance policy but they refused to pay.  Robertson Banking brings Count One against Progressive for breach of contract, Count Two against Progressive and Marengo for negligence in the performance of their duties because they failed to inspect and investigate the scope of coverage of the policy they sold to Robertson Banking, and Count Three against Progressive and Marengo for misrepresentation in that they represented to Robertson Banking that such acts of fraud and forgery by a borrower were within the scope of coverage of the policy at the time of purchase.

On February 16, 2007, Progressive filed the civil cover sheet and exhibits to the Notice of Removal.  There is a dispute as to whether the Notice of Removal was filed on February 16, but on March 6, 2007, the Notice was provided to the Clerk who attached it to the pleadings of February 16, 2007. (See Doc. 1 and the Clerk's remark of March 6, 2007).  On March 15, 2007, Robertson Banking filed its motion to remand and supporting brief. (Docs. 9, 10).  On April 9, 2007, Progressive filed its response in opposition to the motion to remand. (Doc. 16).  Marengo did not join in the removal, has not filed a consent to removal, and has not filed a response to the motion to remand.

In the Notice of Removal, Progressive argues that there is complete diversity of citizenship between the properly joined parties, Progressive and Robertson Banking, and that

Marengo has been fraudulently joined by Robertson Banking to defeat diversity jurisdiction.

Progressive argues that there is no possibility that Robertson Banking can prove a cause of

action against Marengo as alleged in Counts Two and Three of the complaint and that Robertson

Banking fraudulently joined Marengo because it intends to dismiss Marengo from the case after

the one-year limitation for removal expires and pursue only Progressive.  Progressive also argues

that federal question jurisdiction exists because this is an action on a Financial Institution Bond

issues under the laws of the United States and procured to comply with FDIC regulation.  The

parties do not dispute that the amount in controversy exceeds the jurisdictional amount for

diversity jurisdiction.

## II.    Analysis

Federal courts are courts of limited jurisdiction and only have the power to hear cases

authorized by the Constitution or by an Act of Congress. See Kokkonen v. Guardian Life Ins.

Co. of Am., 511 U.S. 375, 377 (1994).  Therefore, a removing defendant must establish the

propriety of removal under 28 U.S.C. § 1441 and bears the burden of establishing the existence

of federal jurisdiction. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002) ("A

removing defendant bears the burden of proving proper federal jurisdiction."); Fowler v. Safeco

Ins. Co., 915 F. 2d 616, 617 (11th Cir. 1990).  Also, as a grant of subject matter jurisdiction,

"removal jurisdiction raises significant federalism concerns,[and] federal courts are directed to

construe removal statutes strictly" and resolve all doubts about jurisdiction "in favor of remand

to state court."  University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th

Cir.1999); see Williams v. AFC Enterprises, Inc., 389 F.3d 1185 (11th Cir. 2004); Burns v.

Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("removal statutes are construed narrowly;

where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of

remand").

### Federal Question Jurisdiction

In order for removal to be proper under 28 U.S.C. § 1441, the action removed must be one which originally could have been filed in the district court because it arose under the Constitution, treaties, or laws of the United States, <u>see</u> 28 U.S.C. § 1331[1], i.e., federal question jurisdiction, or there must be complete diversity of citizenship between the defendants.  Section 28 U.S.C. § 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b).

In the Notice of Removal, Progressive argues that 28 U.S.C. § 1352 and 12 U.S.C. § 1828(e) provide the court with jurisdiction.  Section 1352 provides that this court shall have "original jurisdiction, concurrent with State Court, of any action on a bond executed under any law of the United States". . . and 12 U.S.C. § 1828(e), addressing "Indemnity Insurance", provides that "[t]he [Federal Deposit Insurance Corporation] may require any insured depository institution to provide protection and indemnity against burglary, defalcation, and other similar insurable losses."[2]  Progressive argues that because the bond at issue was procured to comply

---

[1] The section provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] The full text reads as follows: "The Corporation may require any insured depository institution to provide protection and indemnity against burglary, defalcation, and other similar insurable losses. Whenever any insured depository institution refuses to comply with any such requirement the Corporation may contract for such protection and indemnity and add the cost

with FDIC regulations, this court has jurisdiction under 28 U.S.C. § 1352 and removal is appropriate under 28 U.S.C. § 1441 on this basis.

In the motion to remand, Robertson Banking argues that Progressive has not met its burden of proving that federal question jurisdiction exists because it has failed to provide any factual basis for its argument that Robertson Banking is asserting a claim on a bond executed under any law of the United States. Robertson Banking asserts that its complaint is for breach of a policy of liability insurance, negligence, and fraud. Progressive responds that the policy denominates itself as a "Financial Institution Bond" and as such, it is governed by 12 U.S.C. § 1828(e). Therefore, Progressive asserts that this case arises under the laws of the United States pursuant to 28 U.S.C. § 1352.

The Eleventh Circuit has established that "the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida, 999 F. 2d 503, 506-507 (11th Cir. 1993) (citation omitted). The rule stands for the precept that "'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint." Id. (citation omitted); Smith v. Wynfield Dev. Co., Inc., 2007 WL 1654149, *4 (11th Cir. 2007) (slip opinion, June 8, 2007) ("Generally, a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.") (citation omitted). When considering removal based upon federal question jurisdiction, the court must look to the complaint to determine whether relief can be obtained under a federal statute and not to the defendant's assertion that a federal claim exists. See Hansard v. Forsyth County, Georgia, 191 Fed. Appx.

thereof to the assessment otherwise payable by such bank." 12 U.S.C.A. § 1828(e) (footnote omitted).

844, 846 (11th Cir. 2006) (finding that plaintiffs' claim of violation of their rights under the Fifth and Fourteenth Amendments did not "state a federal claim because the Constitution did not create the cause of action alleged" and that the court must review "the complaint to determine what law, state or federal, created any of their claims for relief."); <u>Gully v. First National Bank</u>, 299 U.S. 109, 113, 57 S. Ct. 96, 98 (1936) ("A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."); <u>Newton v. Capital Assurance Co.</u>, 245 F.3d 1306, 1309 (11th Cir.2001) ("The federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint and not from a defense or anticipated defense.") (citation omitted).

Robertson Banking's complaint alleges that Progressive issued "a policy of liability insurance, . . .  policy number 0005831-03, dated December 1, 2004 to December 1, 2007," and that Marengo acted as the agent in the sale and issuance of this policy.  Robertson Banking also alleges that this policy of insurance insured the loans issued to the defaulting borrower and insured Robertson Banking against "fraud, forgery, and/or theft" and provided "coverage for damages resulting from an act of fraud, forgery, theft by deception and/or conversion of funds" from Robertson Banking.  (Doc. 1, Attachment 2).   In Count One, Robertson Banking alleges that Progressive has breached its contract of insurance because it has refused "to provide adequate coverage" for Robertson Banking. (Doc. 1, Attachment 2).  Robertson Banking did not plead a cause of action on a Financial Institution Bond issued under any law of the United States.

In its response to the motion to remand, Progressive provided a copy of a Financial Institution Bond bearing Bond No. 10036367-00 with a bond period from January 1, 2004 through January 1, 2007, which it propounds as the Bond upon which Robertson Banking has

filed suit for breach.  However, because Robertson Banking does not plead breach of contract on the Financial Institution Bond offered by Progressive, but instead has plead for breach of contract on an insurance policy with a different effective period and policy number, and because this court must construe the removal statutes strictly and resolve all doubts in favor of remand, the court finds that federal question jurisdiction is not available in this case.

**Diversity Jurisdiction and Fraudulent joinder**

In order for removal to be proper under 28 U.S.C. §1441[3], the action removed must be one which originally could have been filed in the district court because it arose under the Constitution, treaties, or laws of the United States, see 28 U.S.C. § 1331[4], or there must be complete diversity of citizenship between the defendants.  A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1).[5] Not only must a plaintiff be a citizen of a state other than the state of which one defendant is a

---

[3]  The section provides, in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b).

[4]  The section provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[5]  28 U.S.C. § 1332, provides, in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 , exclusive of interest and costs, and is between...citizens of different states. 28 U.S.C. § 1332(a)(1).

citizen, but under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. Fitts v. Griffin, 304 F.Supp. 2d 1337 (M.D. Ala., 2004) citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

A plaintiff may attempt to prevent removal by joining a defendant who shares the same state citizenship as the plaintiff but if the claims against that non-diverse defendant are frivolous or otherwise illegitimate and brought solely to prevent removal, then joinder of that defendant is referred to as a "fraudulent joinder." Fitts, 304 F.Supp. 2d at 1337, citing Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir.1979) and Thomas v. Jim Walter Homes, Inc., 918 F. Supp. 1498 (M.D. Ala.1996). As the removing party, the defendant bears the burden of proving fraudulent joinder by clear and convincing evidence. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997); Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962), cert.denied, 376 U.S. 949, 84 S.Ct. 964 (1964). The burden "is a heavy one"; if the plaintiff states "even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir.1998).

When assessing whether there has been fraudulent joinder, the court must construe all allegations and submissions in the light most favorable to the plaintiff. Crowe, 113 F.3d at 1538; Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989) ("[T]he district court should resolve all questions of fact and controlling law in favor of the plaintiff...."). The analysis is similar to that of a motion for summary judgment under Fed.R.Civ.P. 56(b). Crowe, 113 F.3d at 1538. However, while the analysis is similar, "the jurisdictional inquiry 'must not subsume substantive determination'...[ and w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. This court's authority to assess the "ultimate merit of the plaintiff's claims is

limited to checking for obviously fraudulent or frivolous claims" and it should not attempt to determine "the merits of cases that do not appear readily to be frivolous or fraudulent." <u>Crowe</u>, 113 F.3d at 1541-1542.

The Eleventh Circuit employs a tripartite test for determining whether a defendant has been fraudulently joined.  The removing party must show either of the following: (1) "there is no possibility the plaintiff can prove a cause of action against the resident (non-diverse) defendant" in state court; (2) the plaintiff fraudulently pleaded jurisdictional facts, or (3) that a "diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and [] the claim has no real connection to the claim against the non-diverse defendant." <u>Triggs v. John Crump Toyota,</u> 154 F.3d 1284, 1287 (11th Cir. 1998).

**Count Two**

In the Notice of Removal, Progressive argues that there is no possibility that Robertson Banking can prove a cause of action against Marengo under Count Two because it is a claim for negligence based upon a breach of duty to perform an investigation in relation to an insurance claim, i.e., negligent handling of an insurance claim, which is not actionable under Alabama law. In the motion to remand, Robertson Banking argues that Progressive attempts to transform its claim under Count Two when it actually one for negligently failing to inspect or investigate the scope of the damages covered by the policy, i.e., a misrepresentation of the scope of the policy's coverage.  Robertson Banking argues that Progressive cannot show by clear and convincing evidence that there is no possibility that it can prove its cause of action for negligence on these grounds because this cause of action is available under Alabama law.  Progressive responds that Robertson Banking is now attempting to re-characterize Count Two and that the count contains a claim for negligent failure to properly inspect and investigate the damages under the policy and

thus is a claim for negligent handling of the claim after the alleged damages arose which is not actionable under Alabama law.

As previously stated, the court must construe all allegations and submissions in the light most favorable to the plaintiff. Crowe, 113 F.3d at 1538.  Also, [w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id.

In the complaint, Robertson Banking framed Count Two as follows:

18. Plaintiff realleges each and every allegation set out in paragraphs on through seventeen of this complaint.

19. Defendants, Progressive Insurance Company and Marengo Insurance Agency, Inc., did represent to the Plaintiff that said damages sustained by RBC were covered by said policy of insurance, and that such fraud and forgery would be covered under said insurance policy.

20. The Defendants, Progressive Insurance Company and Marengo Insurance Agency, Inc., as insurance companies have a duty to the Plaintiff to properly inspect and investigate the damages alleged to be covered under said policy of insurance. Said Defendants have breached said duty and negligently performed an investigation to the detriment of the Plaintiff.

WHEREFORE, these premises considered, your Plaintiff demands judgment against said Defendants, Progressive Insurance Company and Marengo Insurance Agency, Inc., for their negligence in performance of their duties in a sum to be determined by a jury in this cause, plus costs of court.

(Doc. 1, Attachment 2).

Although, as pointed out by Progressive, the phrase "properly inspect and investigate the damages" is included in Count Two, it follows the allegations that Progressive and Marengo "did represent to the Plaintiff that said damages sustained by RBC were covered by said policy of insurance, and that such fraud and forgery would be covered under said insurance policy" and the allegation that "insurance companies have a duty to the Plaintiff to properly inspect and

investigate the damages alleged to be covered under said policy of insurance." (Id.)  Viewing this language in a light most favorable to Robertson Banking, the court concludes that the claim is based upon an allegation of negligence on the part of Marengo and Progressive for failing to inspect and investigate the coverage under the policy and is not a claim for failure on their part to properly inspect or investigate the damages resulting from the borrower's actions.

The court must next determine whether Progressive has met its burden of proving that there is no possibility that Robertson Banking can prove a cause of action against Marengo on this claim.  Progressive devoted its opposition to recharacterizing Robertson Banking's claim as one for negligent handling of the claim after the alleged damages arose.  Progressive offered no argument that a cause of action for negligence in failing to obtain insurance for Robertson Banking, which would cover the type of damage it had now sustained, did not exist under Alabama law.

In Morris v. Cotton States Life and Health, Ins., 501 So. 2d 1192 (Ala. 1986), the Supreme Court of Alabama reversed and remanded summary judgment in favor of the defendant "and its agent for the agent's negligent or wanton failure to procure insurance and for his misrepresentation that he had secured insurance coverage for the plaintiffs" on the basis that a question of fact existed as to the agent's authority to bind the principal when he represented to the plaintiffs that they were covered under health insurance with the principal, Cotton States.  Id. More recently, in Kanellis v. Pacific Indem. Co., 917 So.2d 149 (Ala. Civ. App., 2005) the court held that "[l]ike any negligence claim, a claim in tort alleging a negligent failure of an insurance agent to fulfill a voluntary undertaking to procure insurance, such as that asserted by the Kanellises in this case, requires demonstration of the classic elements of a negligence theory, i.e., '(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury.'" Id. at 155.  Moreover,

"Alabama law is clear that '[w]hen an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom.'" <u>Bryan v. Lexington Ins. Co.</u>, 2006 WL 2052524, *7(S.D. Ala., 2006) quoting <u>Lewis v. Roberts</u>, 630 So.2d 355, 357 (Ala.1993); <u>see also</u> <u>Montz v. Mead & Charles, Inc.</u>, 557 So.2d 1, 4 (Ala. 1987); <u>Cox v. Pridgen</u>, 372 So.2d 855, 856 (Ala.1979); <u>Crump v. Geer Brothers, Inc.</u>, 336 So.2d 1091, 1093 (Ala.1976); <u>Timmerman Ins. Agency v. Miller</u>, 285 Ala. 82, 229 So.2d 475, 477 (Ala.1969).

Therefore, because Count II raises at least a viable cause of action under Alabama law, Progressive has not met its burden of proving that there is no possibility that Robertson Banking can maintain this cause of action against Progressive and Marengo and thus, Marengo has not been fraudulently joined.[6] <u>See</u> <u>Florence v. Crescent Resources, L.L.C.</u>, 484 F. 3d 1293 (11th Cir. 2007) (finding that if there is any ambiguity or doubt about substantive state law such that it is unclear as to whether the alleged cause of action exists against a defendant, the proper course is to remand the action to the state court instead of concluding that the defendant was fraudulently

---

[6] Additionally, Robertson Banking argues in the motion to remand that Count Two also contains a claim for negligent misrepresentation and that there is at least a possibility that it could allege a valid cause of action against Marengo under Alabama law on this basis. In that regard, Alabama courts have recognized a cause of action for misrepresentation. <u>See</u> <u>Fowler v. Provident Life and Accident Ins., Co.</u>, 256 F. Supp. 2d 1243, 1247 (N.D. Ala., 2003); <u>Cherokee Farms, Inc. v. Fireman's Fund Ins., Co.</u>, 526 So. 2d 871 (Ala. 1988) quoting <u>Torres v. State Farm Fire & Casualty Co.</u>, 438 So. 2d 757, 758 (Ala. 1983) ("In <u>Torres,</u> this court stated: 'A cause of action for misrepresentation exists when the plaintiff relies on a misrepresentation of a material fact and suffers damages as the proximate result of his reliance on the misrepresentation. . . . Furthermore, under Alabama law, an insurance company may incur liability as a result of the negligent misrepresentations of its agents.'") (citation omitted) (overruled on other grounds by <u>Hickox v. Stover</u>, 551 So.2d 259 (Ala.1989, reinstated by <u>Foremost Ins. Co. v. Parham</u>, 693 So.2d 409 (Ala.1997). Thus, to the extent that Robertson Banking may have so alleged, Progressive has failed to meet its burden of establishing that there is no possibility that Robertson Banking could prove such a cause of action.

joined).  Accordingly, the case is due to be remanded to the Circuit Court of Marengo County,

Alabama and this court need not address the arguments as to the viability of Count Three.

**Allegation of bad faith**

Progressive also alleged in the Notice of Removal that Robertson Banking had

fraudulently joined Marengo because it did not intend to pursue a judgment against Marengo.

Progressive relied upon the affidavit of Progressive's Senior Underwriter, Jason Faulkner.  In the

affidavit, Faulkner states that Peter Stritzinger, a representative of Marengo, told Faulkner that

"the attorney for Robertson told [Stritzinger] that they were including Marengo in the lawsuit in

order to keep the case in State Court" and that "Marengo would be dismissed from the lawsuit

after one year." (Doc. 1, Exhibit B).

Robertson Banking argues that because the statement in Faulkner's affidavit is

inadmissible hearsay and false, Progressive has not met it burden of showing that Marengo's

joinder was fraudulent.  Robertson Banking provided the affidavits of both of its counsel,

affirming that neither of them had spoken with Stritzinger, and the affidavit of Stritzinger stating

that he never told Faulkner that any attorney for Robertson Banking informed him of anything

concerning the lawsuit. (Doc. 10, Exhibits D, E).  Progressive did not address this argument  in

its response to the motion to remand.

"Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is

not important as long as the plaintiff has the intent to pursue a judgment against the defendant."

Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1291 (11th Cir., 1998) citing Chicago, Rock

Island & Pacific Ry., Co. v. Schwyhart, 227 U.S. 184, 33 S. Ct. 250 (1913).  Faulkner's

statement is the only evidence that Robertson Banking did not intend to pursue a judgment and it

is based solely upon hearsay and arguably inadmissible.  Progressive bears the burden of

establishing fraudulent joinder by clear and convincing evidence.  <u>Crowe</u>, 113 F.3d at 1538.

Therefore, the court finds that Progressive has not met its burden to establish that Robertson

Banking was fraudulently joined.

**IV.**    <u>**Conclusion**</u>

Upon consideration of the foregoing and for the reasons set forth herein, the motion to

remand (doc. 9) is **GRANTED** and this case is remanded to the Circuit Court of Marengo

County, Alabama.  Because this court has concluded that this case should be remanded on these

substantive grounds, it need not address the remaining arguments.

**DONE** this the 6th day of July 2007.

<u>**s/ Kristi K. DuBose**</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**